UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

HUDSON INSURANCE COMPANY,

    Plaintiff,

v.

MICHAEL DEMARCO, CASPAR FUSS, CHASTIDI CORREA and KWANYETTA NORRIS as the PERSONAL REPRESENTATIVE OF THE ESTATE OF E.H. (a minor),

    Defendants.

CASE NO.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, HUDSON INSURANCE COMPANY ("Hudson") sues Defendants, MICHAEL DEMARCO ("DeMarco"), CASPAR FUSS ("Fuss"), CHASTIDI CORREA ("Correa") and KWANYETTA NORRIS AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF E.H. (a minor) ("E.H.") as follows:

### GENERAL ALLEGATION

1. This is an action for declaratory relief pursuant to the Federal Declaratory Judgment and in the alternative for reformation of an insurance policy.

### JURISDICTION, VENUE AND PARTIES

2. Hudson is a citizen of the state of New York as it was incorporated in New York and its principal place of business is in New York City, New York.

3. Demarco is a citizen of the state of Florida domiciled and residing in Ft. Lauderdale Florida.

4.     Fuss is a citizen of the state of Florida domiciled and residing in Ft. Lauderdale, Florida.

5.     Correa is a citizen of the state of Florida domiciled and residing in Ft. Lauderdale, Florida.

6.     E.H. is a citizen of the state of Florida and is domiciled and residing in Ft. Lauderdale, Florida.

7.     Venue is proper in the Southern District of Florida as the Hudson policy was issued and delivered to DeMarco in this district.

8.     Jurisdiction is proper as the amount in controversy exceeds $75,000 exclusive of interest and attorney's fees for the reasons discussed below.

## FACTS GIVING RISE TO THE CAUSE OF ACTION

9.     On July 13, 2023 there was an automobile accident in Ft. Lauderdale, Florida in which a 2020 Equinox driven by Correa struck and killed E.H..

10.    Prior to the accident Correa was an acquaintance of Demarco and Fuss.

11.    At all material times Correa was not a relative of Demarco or Fuss, nor was she living with them on the date of the accident.

12.    Three years prior to the accident on July 10, 2020, DeMarco assisted Correa in purchasing the Equinox since she was unable to buy the car without someone signing the papers as the owner.  This was done for the sole benefit of Correa.

13.    After the sale, DeMarco did not drive the Equinox and the Equinox was in the exclusive possession, custody and control of Correa.

14.    As a result, Correa did not have to acquire DeMarco's permission to use the Equinox after that date of sale including on the date of the accident in which E.H. was struck and killed.

15. At the time of the accident, Correa was insured with Progressive. A copy of the Progressive Declaration page is attached as Exhibit A.

16. The only named insured on the Progressive policy is Correa.

17. At the time of the accident Demarco had a Personal Umbrella Policy with Hudson. A copy of the Hudson policy in effect on the date of the accident is attached as Exhibit B.

18. From the time the Equinox was purchased in 2020 until the date of the accident in 2023 neither Correa nor the Equinox were added to any Hudson policy.

19. Correa is not a named insured under the Hudson policy nor is the Equinox listed on the schedule of vehicles to be insured by Hudson.

20. The Hudson policy in effect on the date of the accident contains the following relevant provisions:

**VI.   PERSONS INSURED:**

A. Each of the following is an **insured** under Coverage A to the extent set forth below:

1. With respect to **automobiles** or **watercraft** to which this policy applies:

i. The **named insured** while in **use** of any **automobile** or **watercraft**;
ii. Any **relative using** an **automobile** or **watercraft** owned by or furnished for the regular **use** of the **named insured**; or
a. Any **relative** in such **use** is with the owner's permission;

iii. Any of the following while using an **automobile** or **watercraft** owned by or in the care of the **named insured**:
a. Any person using the **automobile** or **watercraft** with the permission of the **named insured**;
b. Any person or organization legally responsible for the **use** of such **automobile** or **watercraft** but only if no other insurance of any kind is available to that person or organization for such liability.
iv. None of the following is an insured under this subsection B:
a. Any person or organization that is either employed or engaged in the **business** of selling, repairing, servicing, renting, towing, transporting, leasing, parking, storing **automobiles** or **watercraft**;

3

b. The owner or lessee (including any agent or employee thereof) of an **automobile** or **watercraft** in the care of the **named insured**, but this provision does not apply to the **named insured** or any **relative**;

The policy provides the following definition of automobile:

A. "Automobile" means any land motor vehicle, trailer, or semi-trailer (including farm tractors, trailers, and implements) **used** to convey or transport persons or property other than in the conduct of the **business** of any **insured**;

Insured is defined as follows:

D. "Insured" means any person or organization qualifying as an insured in the "Persons Insured" provision of this policy. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the Company's liability;

Relative is defined as follows:

J. "Relative" means any person related to the **named insured** by blood, adoption, or marriage (other than the spouse of the **named insured**) who is a resident of the **named insured**'s household.

The policy contains the following conditions:

**CONDITIONS:**

**I.     PREMIUM:**

The premium for this policy is as stated in the Declarations. The **named insured** shall promptly notify the Company in the event there is a change in the coverage afforded by the **underlying insurance** or the **named insured** acquires or disposes of any premises, **automobiles**, or **watercraft**. Any premium adjustment shall be made as of the date of such change, acquisition, or disposal in accordance with the Company's rules, rates, and rating plans applicable to the insurance afforded herein.

.     .     .

21. Following the accident Progressive tendered its policy limit to E.H.

22. Following the accident, E.H. demanded Hudson pay its $5 million policy limit.

23. Hudson has not tendered its policy limit, in part, because Hudson believes that its policy does inure Correa.

24. Hudson is currently handling this matter by participating in the defense subject to a full and complete reservation of rights.

### COUNT I - FUSS, DEMARCO AND HUDSON DID NOT AGREE TO INSURE THE VEHICLE UNDER THE HUDSON POLICY

25. Hudson realleges paragraphs 1 through 24 as paragraph 25 of Count I.

26. An insurance contract, like any other contract, requires both an offer and an acceptance of its terms.

27. Demarco and Fuss were allowed to enter into the terms of the Hudson policy as they deemed appropriate to their needs.

28. Demarco and Fuss did not identify the Equinox as a vehicle which they intended to insure on the Hudson umbrella policy.

29. Demarco and Fuss did not identify Correa as a named insured or as the scheduled driver of any vehicle they intended to insure on the Hudson policy.

30. The Conditions section of the Hudson policy states that the named insured "shall promptly notify the Company in the event . . . the named insured acquires or disposes of any premises, automobiles, or watercraft."

31. Because Demarco and Fuss did not notify Hudson prior to the accident they intended to insure the vehicle as an auto owned by Demarco, a condition precedent for coverage for the Equinox was not met.

32. Accordingly, there would be no coverage under the Hudson umbrella policy for the Equinox.

1066135\315361414.v1

33. In view of the forgoing an actual and present controversy exists and this Court has the power to determine if the Equinox is covered under the Hudson policy.

**COUNT II – CORREA IS NOT AN INSURED UNDER THE HUDSON POLICY**

34. Hudson realleges paragraphs 1 through 24 as paragraph 34 of Count II.

35. Under the terms of the Hudson policy, Correa is a definitional insured only if she was driving the Equinox with the permission of Demarco or Fuss.

36. Since the Equinox was in the exclusive control of Correa from the time it is bought to the date of the accident, Correa did not need either the permission of Fuss or Demarco to drive the Equinox.

37. In view of the foregoing an actual and present controversy exists and this Court has the power to determine if Correa is insured under the Hudson Policy.

**COUNT II – IN THE ALTERNATIVE THE COURT SHOULD REFORM THE POLICY TO REFLECT THE INTENT OF THE PARTIES TO THE INSURANCE CONTRACT**

38. Hudson realleges paragraphs 1 through 24 as paragraph 38 of Count III.

39. In the alternative, should the Court find that the Hudson policy provides coverage for the accident, the Hudson policy should be reformed to reflect the intent of the parties.

40. At no time after Demarco assisted Correa to obtain the Equinox did DeMarco and Fuss intend to insure Correa or the Equinox under the Hudson policy.

41. Their intent is established in part by the Hudon policy as Demarco and Fuss are the only named insureds and scheduled drivers.

42. Their intent is further established by the Hudson policy since the policy lists five vehicles under the schedule for auto liability none of which is the Equinox.

43. It was not Demarco's and Fuss's intent to insure the Equinox under the policy while it was being driven by Correa.

44. It was not Hudson's intent to insure Correa or the Equinox while it was being driven by Correa on the day of the accident.

45. Hudson's intent is established, in part, by the conditions of the policy which required Fuss or Demarco to promptly notify the Hudson if they acquired or disposed of any auto and that at no time was either Correa or the Equinox are identified on the schedule which is part of the Hudson policy.

46. Since it was not the intent of the parties to the insurance contract to insure Correa while she was driving the Equinox, in the alternative the Hudson policy should be reformed to reflect the intent of the contracting parties.

WHEREFORE Hudson respectfully requests this Court to find and declare:

1. That Correa is not entitled to coverage under the policy while driving the Equinox since a condition precent to coverage was not met since Hudson was never notified that Demarco was the beneficial owner of the Equinox;

2. That Correa is not an insured under the Hudson policy since she was not using the Equinox with the permission of Demarco or Fuss; and

3. In the alternative to reform the policy to reflect the intent of the contracting parties and to exclude coverage for Correa while driving the Equinox.

DATED January 10, 2024.

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP

        */s/ Ronald L. Kammer*
        **RONALD L. KAMMER**
        Florida Bar No. 360589
        rkammer@hinshawlaw.com
        kcongdon@hinshawlaw.com
        dphangsang@hinshawlaw.com
        2525 Ponce de Leon Blvd., 4th Floor
        Coral Gables, FL 33134
        Telephone: 305-358-7747
        Facsimile: 305-577-1063
        *Attorneys for Hudson Insurance Company*